IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARMOD RASHAD JAHMAL BOSWELL, | ) | |
| a.k.a., Armond Boswell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:18-CV-715-ALB |
| | ) | |
| OFFICER B. PATE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Armod Rashad Jahmal Boswell, an inmate confined in the Autauga Metro Jail at the time relevant to the complaint.  In this case, Boswell challenges the constitutionality of actions taken against him at the jail on July 10, 2018.  Doc. 1 at 2–3.

The defendants filed a special report and supporting evidentiary materials, including declarations and relevant jail records, addressing the claim presented by Boswell.  In these filings, the defendants deny they acted in violation of Boswell's constitutional rights and further argue that this case is due to be dismissed because prior to filing this case Boswell failed to properly exhaust an administrative remedy available to him at the Autauga Metro Jail addressing the claim presented in the instant complaint.  Doc. 18 at 4–6.  The

---

[1]All cited documents and attendant page numbers referenced herein are those assigned by this court in the docketing process.

defendants base their exhaustion defense on Boswell's failure to file a grievance regarding the claim presented in this case.

Upon receipt of the defendants' special report, the court issued an order providing Boswell an opportunity to file a response to this report. Doc. 19. This order directed Boswell to address "the defendants' arguments that: 1. His claims are due to be dismissed because he failed to exhaust his available administrative remedies [prior to filing this case] as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act . . .; and 2. He is entitled to no relief on the claims presented herein as he failed to establish that the challenged actions violated his constitutional rights." Doc. 19 at 1–2. The order also advised Boswell that his response should be supported by affidavits or statements made under penalty of perjury and/or other appropriate evidentiary materials. Doc. 19 at 3. The order further cautioned Boswell that unless "sufficient legal cause" is shown within fifteen days of entry of this order "why such action should not be undertaken, . . . the court may at any time [after expiration of the time for his filing a response] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, whichever is proper, and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law." Doc. 19 at 4 (footnote omitted). Boswell's response was due on March 25, 2019. Doc. 23. As of the present date, Boswell has filed no response to this order.

Pursuant to the order requiring a response to the defendants' special report, the court deems it appropriate to treat the report filed by the defendants as a motion to dismiss with

respect to the exhaustion defense.  Thus, this case is now pending on the defendants'

motion to dismiss.  *Bryant v. Rich*, 530 F.3d 1368, 1374–75 (11th Cir. 2008) (internal

quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for

a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be

treated as such if raised in a motion for summary judgment."); *Trias v. Florida Dept. of

Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court

properly construed the defendant's "motion for summary judgment as a motion to dismiss

for failure to exhaust administrative remedies[.]").

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e with respect to exhaustion,

the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a
> precondition to filing an action in federal court." *Higginbottom v. Carter*,
> 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v.
> Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such
> administrative remedies as are available are exhausted," a prisoner is
> precluded from filing suit in federal court. *See id*. (affirming dismissal of
> prisoner's civil rights suit for failure to satisfy the mandatory exhaustion
> requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th
> Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory
> requirement on prisoners seeking judicial relief to exhaust their
> administrative remedies" before ***filing*** suit in federal court), *modified on
> other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*,
> 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's
> amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . .
> must first comply with the grievance procedures established by the state
> department of corrections before filing a federal lawsuit under section
> 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam)
> (affirming dismissal of prisoner's civil suit for failure to satisfy the
> mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159

> F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens*
> action under § 1997e(a) for failure to exhaust administrative remedies prior
> to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in

original).  The Eleventh Circuit further determined that "the question of exhaustion under

the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the

merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004).  Because

exhaustion is mandated by the statute, [a federal court has] no discretion to waive this

requirement.  *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)."  *Myles v.

Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th

Cir. 2012).  This court must therefore "resolve this issue first."  *Id.*

> When deciding whether a prisoner has exhausted his remedies, the court
> should first consider the plaintiff's and the defendants' versions of the facts,
> and if they conflict, take the plaintiff's version of the facts as true.  "If in that
> light, the defendant[s] [are] entitled to have the complaint dismissed for
> failure to exhaust administrative remedies, it must be dismissed." *Turner v.
> Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530 F.3d at
> 1373–74).  If the complaint is not subject to dismissal at this step, then the
> court should make "specific findings in order to resolve the disputed factual
> issues related to exhaustion." *Id.* (citing *Bryant*, 530 F.3d at 1373–74, 1376).

*Myles*, 476 F. App'x at 366.  Consequently, a district court "may resolve disputed factual

issues where necessary to the disposition of a motion to dismiss for failure to exhaust

[without a hearing].  *See* [*Turne*r, 541 F.3d at 1082].  The judge properly may consider

facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so

does not decide the merits, and the parties have a sufficient opportunity to develop the

record.  *Bryant*, 530 F.3d at 1376."  *Trias*, 587 F. App'x at 535.  Based on the foregoing,

4

the Eleventh Circuit specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury [or judge as a trier of fact]." *Id.*

 Upon review of the complaint, the defendants' special report and the evidentiary materials filed in support thereof, the court concludes that the defendants' motion to dismiss is due to be granted.

## III.  DISCUSSION

Boswell challenges actions which occurred during a prior term of incarceration at the Autauga Metro Jail in July of 2018.  In their response, the defendants adamantly deny they acted in violation of Boswell's constitutional rights and also assert that this case is subject to dismissal because Boswell failed to properly exhaust the administrative remedy provided at the Autauga Metro Jail prior to filing his complaint in compliance with the directives of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

The PLRA compels proper exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint.  Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or

particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The PLRA strengthened [the exhaustion] provision [applicable to inmate complaints] in several ways. Exhaustion is no longer left to the discretion of the district court, but is mandatory. Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards. Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted).

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, --- U.S. ---, ---, 136 S.Ct. 1850, 1857 (2016). However, "[a] prisoner need not exhaust remedies if they are not 'available.'" *Id.* at 1855. Generally, a remedy is "available" when it has "'sufficient power or force to achieve an end,' [or is] 'capable of use for the accomplishment of a purpose[.]'" *Booth*, 532 U.S. at 737. Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . .

6

fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage."  548 U.S. at 90–91, 93.  The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him.  548 U.S. at 83–84; *Bryant*, 530 F3d at 1378 (holding that to exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (holding that an inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (holding that an inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement).  "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint."  *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

It is undisputed that the Autauga Metro Jail provides an administrative remedy for inmate complaints in the form of an inmate grievance process.  Doc. 18-1 at 12.  In addition, the undisputed evidentiary materials filed by the defendants demonstrate that Boswell had

access to the grievance procedure at all times while confined in the Autauga Metro Jail —

i.e., the procedure was available to him throughout his incarceration in the jail.  The

grievance procedure allows an inmate to submit a grievance to jail personnel with respect

to matters occurring during their incarceration at the jail.  Doc. 18-2 at 12.  The grievance

procedure provides as follows:

> [Inmates] are entitled to voice any grievance to the Jail Administrators.  You
> are encouraged to put a grievance over the telephone by pressing #9 and
> speaking with a representative or in writing on the Inmate Grievance Form
> and return the form to the Jail Administrators.  The Administrators will give
> prompt and fair consideration to any grievance and will take appropriate
> action when warranted.

Doc. 18-2 at 12.

The record before the court demonstrates that Boswell had an administrative remedy

available to him while confined in the Autauga Metro Jail.  The evidentiary materials filed

by the defendants further establish that Boswell failed to properly exhaust this remedy prior

to filing this federal civil action.   Specifically, despite the availability of a grievance

procedure and his access thereto, Boswell did not file a grievance in accordance with the

jail's grievance procedure addressing the claim presented in the instant complaint.  Boswell

does not dispute his failure to exhaust the grievance process available to him at the jail.  It

is likewise clear that the administrative remedy is no longer available to Boswell as he is

now incarcerated in the state prison system. Dismissal with prejudice is therefore

appropriate.  *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53

F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a

prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (holding that inmate's "federal lawsuits [were] properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion to dismiss be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy available to him during his previous confinement at the Autauga Metro Jail prior to initiating this cause of action.

2.  This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy on the claim for relief presented in this case through the grievance procedure previously available to him at the Autauga Metro Jail.

3.  Other than the filing fee assessed in this case, no costs are taxed.

The parties may file objections to the Recommendation on or before **August 13, 2019**.  The objecting party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  The parties are advised that frivolous, conclusive, or general objections will not be considered.  Failure to

file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 30th day of July, 2019.


            /s/  Charles S. Coody
            UNITED STATES MAGISTRATE JUDGE